# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **DEION DEE LOCKHART,** | § | |
| **Reg. No. 46756-177,** | § | |
| **Movant,** | § | |
| | § | **EP-17-CV-392-PRM** |
| **v.** | § | **EP-13-CR-1832-PRM-1** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Movant Deion Dee Lockhart's

"Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

by a Person in Federal Custody" (ECF No. 733)[1] [hereinafter "Motion to

Vacate"], Respondent United States of America's "Response" in

opposition to the Motion (ECF No. 748), filed on May 10, 2018, and

Movant's "Reply" (ECF No. 759), filed June 11, 2018, in the

above-captioned cause.   After reviewing the record and for the reasons

discussed below, the Court concludes that Movant is not entitled to

§ 2255 relief.   The Court will accordingly deny his Motion to Vacate and

---

[1] "ECF No." refers to the Electronic Case Filing number for documents
docketed in EP-13-CR-1832-PRM-1.   Where a discrepancy exists
between page numbers on filed documents and page numbers assigned
by the ECF system, the Court will use the latter page numbers.

dismiss his civil cause with prejudice. The Court will additionally deny

Movant a certificate of appealability.

## I.    BACKGROUND AND PROCEDURAL HISTORY

After the National Center for Missing and Exploited Children

discovered a suspicious advertisement featuring a sixteen-year-old girl

on a website notorious for facilitating prostitution, Federal Bureau of

Investigation ("FBI") special agents began collecting Movant's hotel,

telephone, Facebook, and e-mail records.[2]   The agents discovered that

between May 1, 2012, and March 31, 2013, Movant conspired with others

to prostitute girls—ranging in age from fifteen to seventeen years

old—in El Paso, Texas.   The agents learned that the conspirators pooled

their money to rent hotel rooms, solicit clients over the Internet, and

transport underage girls to hotel rooms for meetings with clients.   They

also learned that, in some cases, the conspirators crossed state lines with

underage girls.

A grand jury sitting in the El Paso Division of the Western District

of Texas returned a "Second Superseding Indictment" charging Movant

---

[2] *See United States v. Lockhart*, 844 F.3d 501 (5th Cir. 2016)
(summarizing the facts in this case).

with sex trafficking by force, fraud or coercion, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2) and (b)(2) ("Count One"); aiding and abetting sex trafficking children, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2) and (b)(2) ("Count Five"); and conspiracy to sex traffic persons, in violation of 18 U.S.C. § 1594(c) ("Count Nine").[3]  Movant pleaded not guilty and proceeded to trial along with his co-defendants, Timothy McCullouch, Richard Gray, and Emmanual Lockhart.

At the conclusion of the defendants' cases, defense counsel for each defendant made objections to the Court's proposed jury instructions. Among the complaints, McCullouch's counsel objected to the proposed instruction for Counts Five, Six, and Seven of the Second Superseding Indictment pertaining to an element of sex trafficking children, in violation of 18 U.S.C. § 1591.[4]  The element at issue involved § 1591's scienter requirement.[5]  Subsection (a) "allow[ed] the Government to

---

[3] Second Superseding Indictment, Jan. 15, 2014, ECF No. 730.

[4] Trial Tr., vol. VI, pp. 36–47, July 21, 2015, ECF No. 706.

[5] *See United States v. Garcia–Gonzalez*, 714 F.3d 306, 312 (5th Cir. 2013) (stating that the defendant's mens rea is an essential element of an offense under 18 U.S.C. § 1591).

prove scienter by showing that the defendant (1) knew the victim was underage, [or] (2) recklessly disregarded that fact."[6]   Subsection (c) added that "[i]n a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person . . . the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years."[7]

The Second Superseding Indictment alleged in Count Seven that McCullouch acted "knowingly and in reckless disregard of the fact that the person, A.N.J., had not attained the age of eighteen years . . . in violation of Title 18, United States Code, Sections 1591(a)(1),(2), and (b)(2)," but did not include the "reasonable opportunity" language found in subsection (c).[8]   The proposed jury instruction, however, included the "reasonable opportunity" language:

> IF THE GOVERNMENT PROVES
> BEYOND A REASONABLE DOUBT THAT A

---

[6] *Lockhart*, 844 F.3d at 513–14.

[7] 18 U.S.C. § 1591(c) (2012).

[8] Second Superseding Indictment 6, Jan. 15, 2014, ECF No. 730.

DEFENDANT HAD A REASONABLE OPORTUNITY TO OBSERVE THE PERSON THEY RECRUITED, ENTICED, HARBORED, TRANSPORTED, PROVIDED OBTAINED, OR MAINTAINED, THEN THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE DEFENDANT KNEW THAT THE PERSON HAD NOT ATTAINED THE AGE OF 18 YEARS.[9]

McCullouch's counsel noted that "[i]n this particular case, there's no indication that the grand jury indicted [McCullouch] under a reasonable opportunity to observe," and argued that the proposed instruction constructively amended the indictment.[10] After hearing the argument, the Court overruled McCullouch's objection.[11]

The jury found Movant guilty on all charged counts. At his sentencing, the Court declared that under the advisory Sentencing Guidelines, the total offense level was "43. Criminal History Category

---

[9] Court's Instructions to the Jury 47, Jan. 13, 2015, ECF No. 517.

[10] Trial Tr., vol. VI, pp. 46–47, July 31, 2015, ECF No. 706. *See Lockhart*, 844 F.3d at 514 ("A constructive amendment occurs 'when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged' in the indictment.") (quoting *United States v. Adams*, 778 F.2d 1117, 1123 (5th Cir. 1985)).

[11] Trial Tr., vol. VI, p. 48.

6, by virtue of the application of the career offender guideline, and the corresponding range will be life on Count 1, life on Count 5, and life on Count 9."[12]   The Court added that it had "the discretion to sentence outside of guidelines."[13]   The Court then declined "to have the defendant characterized as a career offender in terms of the guidelines."[14]   The Court also determined that it should depart below the guideline range:

> I think that a lifetime sentence is excessive. It is beyond the sufficient but not reliable standard that I'm supposed to meet in this case for many of the reasons that are set forth in the sentencing memorandum.
> First and foremost, I'm mindful of the youthful age of the offender, notwithstanding what the criminal history is.   Second, I am mindful that the defendant has had numerous challenges that are outlined in the sentencing memorandum, and in the PSR.
>
> * * *
>
> This court is going to assess a sentence in this case of 300 months as to Count 1, as to Count 5, and as to Count 9, and that's to run concurrent.[15]

---

[12] Sentencing Tr. 22, July 31, 2015, ECF No. 710.

[13] *Id.* at 45.

[14] *Id.*

[15] *Id.*

On direct appeal, Movant raised three issues.[16]   First, he claimed

the Court erred when it barred the admission of evidence showing his

victim's prior and subsequent acts of prostitution.   Second, he asserted

the Court erred when it admitted evidence of his gang affiliation.

Finally, he argued the evidence was insufficient to support his

convictions.[17]   The Fifth Circuit Court of Appeals rejected Movant's

arguments and affirmed his convictions.[18]

The Fifth Circuit did not do the same for McCullouch.   It agreed

with McCullouch's argument that the Court erred when it overruled his

objection to the proposed instruction for Counts Five, Six, and Seven of

the Second Superseding Indictment.   It vacated and remanded

McCullouch's conviction on Count Seven for sex trafficking of children, in

---

[16] Appellant's Br. 10, *United States v. Lockhart*, No. 15-50596 (5th Cir. filed April 6, 2016).

[17] Movant did not argue on direct appeal that certain jury instructions given at trial constructively amended the indictment, an issue that McCullouch successfully argued on appeal that Movant now raises for the first time.

[18] *Lockhart*, 844 F.3d at 517.

violation of 18 U.S.C. § 1591(a).[19]  The Fifth Circuit reasoned that the

Court may have constructively amended the indictment when it

instructed the jury:

> By including the language found in § 1591(c), the
> district court materially modified an essential
> element of the indictment by transforming the
> offense with which the indictment charged
> McCullouch from one requiring a specific mens
> rea into a strict liability offense. *See United
> States v. Copeland*, 820 F.3d 809, 813 (5th Cir.
> 2016) (concluding that under § 1591(c), "the
> Government 'need not prove any mens rea with
> regard to the defendant's awareness of the
> victim's age.'" (quoting *United States v. Robinson*,
> 702 F.3d 22, 34 (2d Cir. 2012))).  Given the
> district court's inclusion of subsection (c), it is
> possible that the jury "convict[ed McCullouch]
> based on an alternative basis permitted by the
> statute, but not charged in the indictment,"
> *United States v. Partida*, 385 F.3d 546, 557 (5th
> Cir. 2004) (citing *United States v. Daniels*, 252
> F.3d 411, 414 (5th Cir. 2001)), a possibility that
> constructively amended the indictment, *see
> Partida*, 385 F.3d at 557 (stating that constructive
> amendment occurs when jury instructions make it
> possible for the jury to convict on an alternative
> basis not alleged in the indictment).[20]

---

[19] *Id.*

[20] *Id.* at 515–16.

In his Motion to Vacate, Movant now raises six grounds for relief. First, he asserts that the Government constructively amended the indictment in its closing argument, thereby eliminating the Court's jurisdiction to impose a sentence.[21] Second, he claims that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), the Court should resentence him because his conviction for delivery of a controlled substance under Texas Health & Safety Code 481.112(a) no longer qualifies for the career offender enhancement.[22] Third, he declares that his trial counsel provided constitutionally ineffective assistance when he failed to object to the jury instruction which constructively amended his indictment.[23] Fourth, he insists that, in light of *Descamps v. United States*, 570 U.S. 254 (2013), his trial counsel provided ineffective assistance when he did not challenge the career offender enhancement.[24] Fifth, he maintains

---

[21] Mot. to Vacate 15, Dec. 26, 2017, ECF No. 733.

[22] *Id.* at 16–18.

[23] *Id.* at 19.

[24] *Id.*

that his appellate counsel provided constitutionally ineffective assistance when he failed to raise any claims in his direct appeal.[25] Finally, he avers that the prosecution failed to disclose favorable information.[26]

## II.    APPLICABLE LAW

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[27]   A § 2255 motion "provides the primary means of collateral attack on a federal sentence."[28] Relief under § 2255 is warranted for errors that occurred at trial or at sentencing,[29]  and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of

---

[25] *Id.*

[26] *Id.* at 20.

[27] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

[28] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[29] *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

justice."[30]   Before a court will grant relief pursuant to § 2255, a movant

must establish: (1) his sentence was imposed in violation of the

Constitution or laws of the United States; (2) the sentencing court was

without jurisdiction to impose the sentence; (3) the sentence was in

excess of the maximum authorized by law; or (4) the sentence is

otherwise subject to collateral attack.[31]

Ultimately, the movant bears the burden of establishing his claims

of error by a preponderance of the evidence.[32]   A court may deny a

§ 2255 motion without a hearing if "the files and records of the case

conclusively show that the prisoner is entitled to no relief."[33]   "If it

plainly appears from the motion, any attached exhibits, and the record of

---

[30] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting
*United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[31] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations
omitted).

[32] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing
*United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

[33] 28 U.S.C. § 2255(b) (2012); *see also United States v. Drummond*, 910
F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now
confirm that § 2255 requires only conclusive evidence—and not
necessarily direct evidence—that a defendant is entitled to no relief
under § 2255 before the district court can deny the motion without a
hearing.").

prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."[34]   When a court finds that the movant is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[35]   Thus, the Court has "broad and flexible power . . . to fashion an appropriate remedy."[36]

---

[34] 28 U.S.C. foll. § 2255 Rule 4(b).

[35] 28 U.S.C. § 2255(b).

[36] *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("[T]he provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a . . . flexible remedy."); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("As an initial matter, we note the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority. . . . This is so because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.'") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

## III. ANALYSIS

### A. Movant's claim that the Government constructively amended the indictment is procedurally barred.

Movant asserts for the first time in his Motion to Vacate that the Government constructively amended the indictment in its closing argument.[37] He notes Count Five of the Second Superseding Indictment alleged that he acted "knowingly and in reckless disregard of the fact that the person, A.G., had not attained the age of eighteen years . . . in violation of Title 18, United States Code, Sections 1591(a)(1),(2), and (b)(2)," but the Government relied on the "reasonable opportunity" language found in subsection (c) in its closing argument:[38]

> We don't have to prove knowledge. If they come up here and say, "You have to acquit because they didn't know that these girls were under 18," remember that's not what the law says. You can also prove it by reckless disregard. But it goes even further. If the government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person then the government does not have to prove that the defendant knew that the person had not attained the age of 18. Beyond reckless disregard.

---

[37] Mot. to Vacate 15.

[38] Second Superseding Indictment 4–5.

> Beyond knowledge. If these gentlemen had contact or a reasonable opportunity to observe these girls, we don't have to prove that they were - that they knew that they were under the age of 18. So when they come up here and talk to you about, "Well, he didn't know she was under age," remember this provision of the law that is before you in the jury charge.[39]

"The Fifth Amendment provides for criminal prosecution only on the basis of a grand jury indictment."[40] "[C]harges may not be broadened through amendment except by the grand jury itself."[41] Constructive "amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them."[42] Constructive amendment permits a jury "to convict the defendant upon a factual basis that effectively modifies an essential element of the offense

---

[39] Mot. to Vacate 15 (quoting the Government's closing argument). *See also* Trial Tr., vol. VII, pp. 15–16, July 31, 2015, ECF No. 707.

[40] *United States v. Doucet*, 994 F.2d 169, 172 (5th Cir. 1993).

[41] *Stirone v. United States*, 361 U.S. 212, 216 (1960).

[42] *United States v. Salinas*, 654 F.2d 319, 324 (5th Cir. 1981), *overruled on other grounds by United States v. Adamson*, 700 F.2d 953 (5th Cir. 1983) (quoting *Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969)).

charged. In such cases, reversal is automatic, because the defendant may have been convicted on a ground not charged in the indictment."[43]

A § 2255 motion is not, however, a substitute for a direct appeal.[44] When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error; or (2) show that he is "actually innocent" of the crime for which he was convicted.[45]

The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal."[46] If the movant does not meet either burden, then he is procedurally barred from attacking his conviction or sentence.[47] The "cause" standard requires the petitioner to show that "some objective

---

[43] *United States v. Young*, 730 F.2d 221, 223 (5th Cir. 1984) (citations omitted).

[44] *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991).

[45] *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999).

[46] *Gaudet,* 81 F.3d at 589.

[47] *United States v. Drobny*, 955 F.2d 990, 994–95 (5th Cir. 1992).

factor external to the defense" prevented him from timely raising the claims he now advances.[48]   Objective factors that constitute cause include (1) interference by officials that make compliance with the procedural rule impracticable, (2) a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and (3) ineffective assistance of counsel in the constitutional sense.[49]   The actual prejudice standard requires more than a "mere possibility of prejudice," and a movant must instead "shoulder the burden of showing . . . that the errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[50]

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency."[51]   To establish actual innocence, a movant must

---

[48] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[49] *Id.*

[50] *Shaid*, 937 F.2d at 231 (quoting *Frady*, 456 U.S. at 170).

[51] *Bousley v. United States*, 523 U.S. 614, 623 (1998).

demonstrate, in light of all the evidence, that it is more likely than not that no reasonable juror would have convicted him.[52]

In this case, Movant has not alleged that some objective factor prevented him from timely raising his claim during his trial or in his direct appeal.   McCullouch's counsel noted that "[i]n this particular case, there's no indication that the grand jury indicted [McCullouch] under a reasonable opportunity to observe," and argued that the proposed instruction constructively amended the indictment.[53]   Thus, the factual basis for the claim was known at the time of sentencing. Movant has also not asserted the purported error at his sentencing hearing infected his entire criminal proceeding with error of a constitutional dimension.   Thus, he has not shown cause for failing to raise his claim in a direct appeal and he has not shown actual prejudice resulting from the alleged error.   Moreover, he has also not alleged his factual innocence.   He merely speculates that the jury may have

---

[52] *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

[53] Trial Tr., vol. VI, p. 47, July 31, 2015, ECF No. 706.

convicted him "based on [an] alternative basis permitted by the statute, but not charged in the indictment."[54]

The Court accordingly finds that Movant is procedurally barred from pursuing this claim in a § 2255 motion.

## B. The Court did not sentence Movant as a career offender.

Movant claims that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)—two cases decided after the Court entered its judgment in this case—the Court should resentence him because his prior convictions for delivery of a controlled substance under Texas Health & Safety Code 481.112(a) no longer qualifies for the career offender enhancement in Sentencing Guideline § 4B1.1(a).[55]

In *Mathis*, the Supreme Court outlined the process by which a district court should determine, for the purposes of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the

_____

[54] Mot. to Vacate 15.

[55] *Id.* at 16–18.

enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii).[56]   Prior

to *Mathis*, the Supreme Court required a district court to compare the

elements of the state crime with the generic version of the enumerated

federal offense.   If the state crime was "the same as, or narrower than,

the relevant generic offense," then the state crime qualified as an

enumerated offense.[57]   In *Mathis*, the Supreme Court reaffirmed this

approach, but added that, because the inquiry focused on the generic

offense, a court "may not ask whether the defendant's conduct—his

particular means of committing the crime—falls within the generic

definition."[58]   Accordingly, the Supreme Court concluded that if the

elements of the state law crime were broader than the generic version of

an enumerated federal offense, then the state law conviction could not

serve as a predicate for career offender status under the Armed Career

Criminal Act.

---

[56] *Mathis*, 136 S. Ct. at 2247–57.

[57] *Id.* at 2257.   *See also Taylor v. United States*, 495 U.S. 575, 599 (1990).

[58] *Mathis*, 136 S. Ct. at 2257.

In *Hinkle*, the Fifth Circuit Court of Appeals held that a prior conviction for delivery of a controlled substance, in violation of Texas Health & Safety Code § 481.112(a),[59] could not "serve as a predicate offense under the Career Offender Guideline provision, which is [Sentencing Guideline] § 4B1.1."[60]   The Fifth Circuit reasoned that "[t]he 'delivery' element of Hinkle's crime of conviction criminalize[d] a 'greater swath of conduct than the elements of the relevant [Guidelines] offense.'"[61]   The Fifth Circuit further explained that although the law of the Circuit previously permitted sentencing courts to use a "modified categorical approach"—and ascertain from state-court records whether the actual method of delivery constituted a controlled substance offense under the Sentencing Guidelines—"*Mathis* makes clear that sentencing courts may no longer do so."[62]

---

[59] *See* Tex. Health & Safety Code Ann. § 481.112 ("a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1").

[60] *Hinkle*, 832 F.3d at 576–77.

[61] *Id.* at 576 (quoting *Mathis*, 136 S. Ct. at 2251) (some alterations in original).

[62] *Id.* at 574–75.

In sum, *Mathis* "provided helpful guidance for determining whether a predicate statute of conviction is divisible."[63]   But the Supreme Court also indicated in *Mathis* that its decision was dictated by prior precedent and that it was <u>not</u> announcing a new rule.[64]   Multiple courts have subsequently concluded that "*Mathis* did <u>not</u> set forth a new rule of constitutional law that has been made retroactive to cases on collateral review."[65]

Furthermore, the Court did not "enhance" Movant's punishment under the career offender guidelines based on his prior convictions for

---

[63] *United States v. Uribe*, 838 F.3d 667, 670 (5th Cir. 2016).

[64] *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); *see also Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

[65] *Milan v. United States*, No. 3:16:CV-1850-D-BK, 2017 WL 535599, at *2 (N.D. Tex. Jan. 18, 2017); *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive § 2255 motion because defendant failed to make the requisite showing that *Mathis* created "new rules of constitutional law that have been made retroactive to cases on collateral review"); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (concluding "*Mathis* did not announce a new rule."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (concluding *Mathis* did not announce a new rule that would allow a second or successive habeas petition).

possession and delivery of cocaine.   The probation officer explained in

the Presentence Investigation Report that Movant's total offense level

for his convictions resulted in a sentence which exceeded the guideline

range for a career offender:

> **Chapter Four Enhancement**: In accordance with the provisions found in U.S.S.G. § 4B1.1(b), because Deion Lockhart was at least 18 years old at the time of the instant offense, the instant offense is a felony crime of violence offense, and Deion Lockhart has at least two prior felony controlled substance convictions, as detailed in the criminal history section (see paragraphs 119 and 120), Deion Lockhart is a Career Offender. However, the offense level otherwise applicable is greater than that established pursuant to 4B1.1.[66]

The Court also made clear at Movant's sentencing that it had "the

discretion to sentence outside of guidelines," and declined to characterize

Movant "as a career offender."[67]

Simply stated, the Court did not enhance Movant's sentence in

accordance with the career offender provisions in Sentencing Guideline

§ 4B1.1(a).   He is not entitled to relief on this claim.

---

[66] Presentence Investigation Report ¶ 110, June 18, 2015, ECF No. 609 (sealed).

[67] Sentencing Tr. 45, July 31, 2015, ECF No. 710.

### C. Movant's trial counsel did not provide constitutionally ineffective assistance when he did not object to the jury instructions which may have resulted in a constructive amendment to his indictment.

Movant asserts his trial counsel should have objected to the jury instruction for Count Five of the Second Superseding Indictment.[68] Count Five alleged that Movant acted "knowingly and in reckless disregard of the fact that the person, A.G., had not attained the age of eighteen years . . . in violation of Title 18, United States Code, Sections 1591(a)(1),(2), and (b)(2)."[69] It did not include the "reasonable opportunity" language found in subsection (c).[70] The jury instruction, however, did include the "reasonable opportunity" language:

> IF THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT A DEFENDANT HAD A REASONABLE OPORTUNITY TO OBSERVE THE PERSON THEY RECRUITED, ENTICED, HARBORED, TRANSPORTED, PROVIDED OBTAINED, OR MAINTAINED, THEN THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE

---

[68] Mot. to Vacate 19.

[69] Second Superseding Indictment 6, Jan. 15, 2014, ECF No. 730.

[70] *Id.*

23

DEFENDANT KNEW THAT THE PERSON HAD
NOT ATTAINED THE AGE OF 18 YEARS.[71]

Movant argues that the instruction constructively amended the Second Superseding Indictment, his counsel provided ineffective assistance when he did not object to the instruction, and the Court should vacate his conviction.

As previously noted, Movant's counsel did not object to the inclusion of the "reasonable opportunity" language in the charge for Counts Five, Six, and Seven of the Second Superseding Indictment. Contrastingly, co-defendant McCullouch, through his counsel, did object, noting that "[i]n this particular case, there's no indication that the grand jury indicted [McCullouch] under a reasonable opportunity to observe" theory, and arguing that the proposed instruction constructively amended the indictment.[72]   The Court overruled McCullouch's objection, but on direct appeal, the Fifth Circuit agreed with

---

[71]  Court's Instructions to the Jury 47, Jan. 13, 2015, ECF No. 517.

[72]  Trial Tr., vol. VI, pp. 46–47, July 31, 2015, ECF No. 706.

McCullouch's argument and vacated his conviction for sex trafficking children.[73]

An ineffective-assistance-of-counsel claim presented in a § 2255 motion is generally analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).[74] To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense.[75] This means a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.[76] If the movant fails to prove one prong, it is not necessary to analyze the other.[77]

---

[73] *Lockhart*, 844 F.3d at 516.

[74] *Willis*, 273 F.3d at 598.

[75] *Strickland*, 466 U.S. at 689–94.

[76] *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

[77] *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir.1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir.1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

"The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."[78]   The Supreme Court has cautioned, however, that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way."[79]   Moreover, "from the perspective of hindsight there is a natural tendency to speculate as to whether a different trial strategy might have been more successful."[80]   Accordingly, a court must evaluate counsel's performance by viewing his actions or decisions in the light of all surrounding circumstances at the time the decisions were made, not in the artificial light of hindsight.[81]   Furthermore, a movant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as a court will

---

[78] *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).

[79] *Strickland*, 466 U.S. at 689.

[80] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[81] *Id.* at 371–72.

apply a "heavy measure of deference to counsel's judgments."[82]   The "prejudice" component of the *Strickland* test then "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."[83]

At the time of Movant's trial, there was an absence of case law which discussed whether, under circumstances similar to this case, incorporating the 18 U.S.C. § 1591(c) language into the jury instruction was improper.   As a result, Movant's counsel did not object and McCullouch's counsel could not identify any case law which addressed this specific issue at trial,[84] or in his appellate brief.[85]   In its opinion granting McCullouch relief, the Fifth Circuit broadly discussed the concept of constructively amending an indictment, but it did not cite case law regarding the specific facts in this case.[86]   Moreover, the Fifth

---

[82] *Strickland*, 466 U.S. at 689–91.

[83] *Lockhart*, 506 U.S. at 372.

[84] Trial Tr., vol. VI, pp. 46–47, July 31, 2015, ECF No. 706.

[85] Gov't's Resp. to Mot. to Vacate, Ex. 14 (Br. for Appellant Timothy McCullouch, Jr.), 13–15, May 10, 2018, ECF No. 748-14.

[86] *Lockhart*, 844 F.3d at 513–14.

Circuit explicitly stated that the constructive amendment claim did not

rise to the level of plain error and denied Co-defendant Gray relief

because he failed to preserve the error at trial:

> Although a reversal of McCullouch's conviction on this count also implicates Gray's conviction for the same offense, because Gray did not object to the jury instruction in the district court, the standard of review differs as to him, requiring that Gray show plain error, which he cannot. *See United States v. Scher*, 601 F.3d 408, 411 (5th Cir. 2010). Review under plain error requires reversal only if "(1) there is an error, (2) that is clear or obvious, and (3) that affects [the defendant's] substantial rights." *Id.* (quoting *United States v. Ferguson*, 211 F.3d 878, 886 (5th Cir. 2000)). Even if Gray demonstrates these factors, "the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citing *Ferguson*, 211 F.3d at 886). Given the substantial evidence against him, we decline to exercise our discretion here.[87]

It is unclear why the Fifth Circuit addressed Gray and omitted Movant.

The analysis, however, remains the same with regard to both

Defendants. Given the substantial evidence against both Gray and

---

[87] *Id.* at 516 n.3.

Movant, the error in the jury charge did not seriously affect the fairness, integrity, or public reputation of the proceedings.

With regard to the ineffective-assistance-of-counsel claim, "[s]olid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention."[88]  "Counsel is required to research facts and law and raise meritorious arguments based on controlling precedent, . . . but the law of this circuit is clear that counsel need not anticipate changes in the law . . . ."[89]  In addition, "no *Strickland* deficient performance occurs when trial counsel fails to raise an objection based on 'unsettled' law."[90]

As McCullouch's case involved a matter of first impression for the Fifth Circuit, the law on whether it was improper to include the "reasonable opportunity to observe" language in the jury charge was unsettled at the time of Movant's trial.  Thus, the performance of

---

[88] *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003).

[89] *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009) (internal citations omitted).

[90] *Burton v. Thaler*, 863 F. Supp. 2d 639, 654 (5th Cir. 2012) (citing *Givens v. Cockrell*, 265 F.3d 306, 310 (5th Cir. 2001); *Sharp v. Johnson*, 107 F.3d 282, 289–90 (5th Cir. 1997)).

Movant's counsel was not so far outside the broad range reasonable assistance that a Court should consider it ineffective.

After reviewing the totality of the evidence, the Court finds that Movant has not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[91] Thus, Movant cannot meet his burden of showing that his counsel provided constitutionally ineffective assistance. Movant is not entitled to relief on this claim.

**D.      Movant's trial counsel did not provide ineffective assistance by failing to object to a career offender enhancement**.

Movant also claims that in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013)—a case decided before the Court entered its judgment in this case—his trial counsel rendered ineffective assistance when he failed to challenge the Court's reliance on his prior controlled substance convictions, in violation of Texas Health & Safety Code § 481.112(a), to enhance his sentence as career offender.[92]

---

[91] *Strickland*, 466 US at 690.

[92] Mot. to Vacate 19.

In *Descamps*, "the Supreme Court held that 'sentencing courts may not apply the modified categorical approach' to determine if a conviction is a 'violent felony' under the [Armed Career Criminal Act] when the crime of conviction 'has a single, indivisible set of elements.'"[93]   In *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), the Fifth Circuit held that Texas Health & Safety Code "[s]ection 481.112(a) is an indivisible statute to which the modified categorical approach does not apply" because it 'criminalizes a greater swath of conduct than the elements of the relevant [Guidelines] offense."[94]   Thus, an offense under Texas Health & Safety Code § 481.112(a) does not qualify as a "controlled substance offense under the Sentencing Guidelines."[95]

As the Court noted above, it did not enhance Movant's sentence based on the career offender guidelines.   Any objection to the application of the career offender guidelines would have been unavailing. Movant has not met his burden of showing his counsel's performance was

---

[93] *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) (citing *Descamps*, 133 S. Ct. at 2281–82).

[94] *Tanksley,* 848 F.3d at 352 (quoting *Mathis*, 136 S. Ct. at 2251).

[95] *Id.*

either deficient or prejudiced his cause.    He is not entitled to relief on this claim.

## E.    **Movant's appellate counsel did raise issues on direct appeal.**

Movant claims his appellate counsel "failed to file any argument on appeal."[96]    The record belies this claim.    It shows Movant's appellate counsel raised three issues on appeal.[97]    First, he claimed the Court erred when it barred the admission of evidence showing his victim's prior and subsequent acts of prostitution.    Second, he asserted the Court erred when it admitted evidence of his gang affiliation.    Finally, he argued the evidence was insufficient to support his convictions.    The Fifth Circuit Court of Appeals rejected Movant's arguments and affirmed his convictions.[98]    Movant is not entitled to relief on this claim.

---

[96]  Mot. to Vacate 19.

[97]  Appellant's Br. 10, *United States v. Lockhart*, No. 15-50596 (5th Cir. filed April 6, 2016).

[98]  *Lockhart*, 844 F.3d at 517.

**F.    Movant's claim that the prosecution failed to disclose favorable information is procedurally barred.**

Finally, Movant claims the prosecution denied him his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500, when it withheld information which would have proved his innocence.[99]   Specifically, he alleges the prosecution withheld evidence that (1) he was at a club and could not have put the victim's web page on the internet at the time suggested by the prosecution; (2) it had offered Marcus Rinkens [sic], who was pimping the victim, ten years' imprisonment [sic] to testify falsely against him,[100] and (3) it had withheld information on Facebook that would have shown that he never pimped women.[101]

_____

[99] Mot. to Vacate 20.

[100] *See* Trial Tr., vol. III, pp. 86–120 (Testimony of Marcus Rinkines), July 31, 2015, ECF No. 703.   Rinkines explained on direct and cross-examination that he pleaded guilty, pursuant to a plea agreement, to a felon in possession of a firearm charge.   As a result of that plea, the trial court sentenced him to ten months' imprisonment followed by three years' supervised release.   As a part of the plea agreement, he agreed to testify at this trial.   At trial, Rinkines testified he was with Movant and the victim at a hotel, and that he understood the victim was a prostitute.

[101] *Id.*

33

To establish a *Brady* violation, a defendant must prove that (1) the prosecution actually suppressed the evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material.[102]   To establish a *Giglio* violation, a defendant must show the prosecution presented (1) evidence that was false, (2) the evidence was material, and (3) the prosecution knew the evidence was false.[103]   To establish a *Jencks* violation, a defendant must establish the United States failed "to disclose a prior statement of a witness in its possession relating to the subject matter of that witness' testimony."[104]

Courts construe pro se § 2255 petitions liberally, but, "[a]t the same time . . . mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."[105]   Movant's allegations are devoid of additional factual support or meaningful specificity.   He provides no evidence to support his claims.   Thus, his conclusory allegations of

---

[102] *Brady*, 373 U.S. at 87; *Reed v. Stephens*, 739 F.3d 753, 781 (5th Cir. 2014).

[103] *Duncan v. Cockrell*, 70 F. App'x 741, 744 (5th Cir. 2003).

[104] *United States v. Ramirez*, 174 F.3d 584, 587 (5th Cir. 1999).

[105] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

prosecutorial misconduct are unsupported by the record and are insufficient to merit § 2255 relief.[106]

More importantly, Movant knew or should have known about these claims at the time of his trial. A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.[107] A movant may only collaterally attack a conviction on grounds of error omitted from a direct appeal upon showing "cause" for the omission and "actual prejudice" resulting from the error.[108] Movant has not alleged some objective factor prevented him from timely raising these claims during his trial or in his direct appeal. He has also not asserted the purported error infected his entire criminal proceeding with error of constitutional dimension. Thus, he has not shown cause for failing to raise his claim in a direct appeal and he has not shown actual prejudice resulting from the alleged error. He has also not alleged his factual innocence. He merely asserts the prosecution withheld

---

[106] *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

[107] *Willis*, 273 F.3d at 595.

[108] *Shaid*, 937 F.2d at 232.

information.  Movant is procedurally barred from pursuing these claims in a § 2255 motion.

## IV.  CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[109] "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[110]  In cases where a district court rejects a movant's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[111]  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural

---

[109]  28 U.S.C. § 2253(c)(1)(B).

[110]  *Id.* § 2253(c)(2).

[111]  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

ruling."[112]    Here, jurists of reason would agree with the Court's

substantive and procedural rulings.    Accordingly, the Court finds that it

should deny Movant a certificate of appealability.

## V.    CONCLUSION AND ORDERS

The Court concludes that Movant is not entitled to § 2255 relief on

his claims.    The Court also concludes that Movant is not entitled to a

certificate of appealability.    The Court, therefore, enters the following

orders:

**IT IS ORDERED** that Movant Deion Dee Lockhart's "Motion

under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody" (ECF No. 733) is **DENIED** and his civil

cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant Deion Dee Lockhart is

**DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions in this cause, if

any, are **DENIED** as moot.

---

[112] *Slack v. McDaniel*, 529 U.S. at 484.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE**

this case.

**SIGNED** this **19th day** of **June**, **2018**.

_____

**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**